**James J. D'AMATO, Plaintiff–Appellant,**

v.

**John CARWAY, Defendant–Appellee.**

**No. 03–7452.**

United States Court of Appeals, Second Circuit.

Oct. 14, 2004.

James J. D'Amato, pro se.

Present: MINER, CABRANES and STRAUB, Circuit Judges.

*SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED.**

In January 2003, plaintiff James J. D'Amato, acting *pro se*, filed a complaint against John Carway, alleging violations of 18 U.S.C. § 1623, a criminal statute penalizing false material declarations before a court or a grand jury of the United States, as well as of the First, Fifth, and Fourteenth Amendments of the United States Constitution. Plaintiff asserted that a pre-

sentencing report, which was issued in connection with prior criminal proceedings against him, contained false statements made by defendant to a probation officer. Judge Seybert presided over both the present case and the plaintiff's earlier criminal trial.

The District Court *sua sponte* dismissed plaintiff's complaint for failure to state a claim upon which relief can be granted, but did so without prejudice and with leave to amend. *See D'Amato v. Carway*, No. 03–CV–0409 (E.D.N.Y. Feb. 4, 2003). Plaintiff filed a timely amended complaint. Finding that the amended complaint "adds nothing to change the Court's original ruling," the District Court dismissed the amended complaint. *See D'Amato v. Carway*, No. 03–CV–0409 (E.D.N.Y. Mar. 21, 2003). Upon review of the record, we conclude that the dismissal of plaintiff's complaint was proper.

Plaintiff also asserts that adverse decisions by Judge Seybert—both in the course of the present litigation and of the plaintiff's criminal trial—provide sufficient evidence of judicial bias to warrant reinstating his complaint before another district court judge. Plaintiff's argument faces a high hurdle under the judicial recusal statute, 28 U.S.C. § 455, because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* None of plaintiff's allegations regarding Judge Seybert's actions meet this standard.

We have considered all of plaintiff's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**